IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES E. BRYANT,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-0744** |
| | : | |
| **U.S. OF AMERICA,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**SCOTT, J.**                                                                                   **MAY 17, 2024**

Plaintiff James E. Bryant brings this *pro se* civil action alleging that his federal convictions for failure to register as a sex offender are in violation of the Constitution or laws of the United States, thus entitling him to an injunction relieving him from all sex offender reporting requirements and immediate release from his sentence of lifetime supervised release. (Compl. (ECF No. 2).)  Bryant also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Bryant *in forma pauperis* status and dismiss the Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.      **BACKGROUND AND FACTUAL ALLEGATIONS**

Bryant's Complaint consists of a standard form complaint for a civil rights action (*see* Compl. at 1-3, 5, 12-18), with several typewritten pages (*see id.* at 4, 6-11),[1] and attached exhibits (*see* ECF No. 2-1).  Bryant asserts constitutional claims under *Bivens v. Six Unknown*

---

[1] The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971),[2] naming the following Defendants: (1) the United States of America, Justice Department, Probation Department, and Attorney General's Office; (2) Merrick Garland (identified in the Complaint as the U.S. Attorney General); (3) Crawford (identified as a "Probation Supervising Case Manager"); (4) David Merth (identified as a U.S. Probation Officer); (5) Erica Culler (identified as a Program Psychologist at T.A.P. Evaluation and Treatment Services for Offenders); (6) William Russel (identified as a Clinical Doctor of Psychiatry at T.A.P.); and (7) Erica Williams (identified as a Psychiatrist at T.A.P.). (*Id.* at 2-4.)

### A. Bryant's Criminal History

Bryant is a convicted and sentenced state and federal prisoner who is currently serving a life sentence of supervised release. (*Id.* at 5.) He has a lengthy criminal history dating back to the 1970s.[3] *See United States v. Bryant*, No. 14-CR-18, 2015 WL 3609622, at *1 (D. Nev. June 9, 2015). Specifically, on or about April 14, 1977, Bryant was convicted in California state court of sodomy with a person under 14 years, in violation of California Penal Code § 286. *See United States v. Bryant*, Crim. No. 15-555 (D. Utah) (ECF No. 1 (Criminal Complaint), filed Sept. 15, 2015) ("Utah Compl."). He was sentenced to a term of imprisonment of three years to life. (*Id.* at 3, ¶ 4; *see also* Compl. at 7.) Bryant was paroled from the California State Prison System in

---

[2] *Bivens* provides a judicially recognized damages remedy for constitutional violations committed by federal actors in their individual capacities in limited circumstances. *Egbert v. Boule*, 142 S. Ct. 1793, 1799-1800 (2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

[3] The facts herein are taken from Bryant's Complaint (ECF No. 2) as well as the available docket entries in Bryant's prior criminal matters, including case numbers 14-CR-18 (D. Nev.) and 15-CR-555 (D. Utah). The court may take judicial notice of the public docket for Bryant's prior criminal proceedings, including any judicial opinions issued in connection with those proceedings. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant."); *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

December 1979, and on or about January 30, 1980, he signed a notification of his sex offender registration requirement in California.  (Utah Compl. at 3, ¶¶ 5, 6.)

On or about December 22, 1981, Bryant was arrested in San Francisco and charged with sodomy and oral copulation with a person under 16 years.  (*Id.* at 3, ¶ 7.)  He was convicted and sentenced on June 4, 1982 to a term of thirty-eight years imprisonment, followed by a three-year parole period.  (*Id.*; *see also* Compl. at 7, 8.)  In October 2011, Bryant was released from California State Prison, and he registered as a sex offender in California, allegedly "under threats and duress of the parole agent" knowing that he was "[p]rotected by the 'Ex Past [sic] Facto Clause' of the United States Constitution."[4]  (Utah Compl. at 4, ¶¶ 8-10; *see also* Compl. at 7.) He updated his sex offender registration in February 2012 while he was still in California.[5] (Utah Compl. at 4, ¶ 10.)

Sometime in 2013, Bryant moved to Nevada, but failed to register as a sex offender there. (Utah Compl. at 4, ¶ 11.)  Bryant was indicted for violating the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250(a) ("SORNA") on March 12, 2014 in the District of Nevada. *See United States v. Bryant*, Crim. No. 14-18 (D. Nev.) (ECF No. 1, filed March 12, 2014).  He pled guilty and was committed to the custody of the United States Bureau of Prisons ("USBOP") for twenty-one (21) months, with credit for time served.  (*Id.*, Judgment, ECF No. 42, filed

---

[4] Although Bryant contests that he was statutorily obligated to register as a sex offender following his release from the California State Prison System (*see* Compl. at 7-8), it bears noting that Bryant admitted during a change of plea hearing in 2014 that he was required to register as a sex offender because of his conviction of a sexual crime in California.  *See United States v. Bryant*, No. 14-CR-18, 2015 WL 3609622, at *2 n. 1 (D. Nev. June 9, 2015); *see also* August 28, 2014 Change of Plea Hearing Transcript, ECF No. 51 at 22-23.  During that hearing, Bryant admitted that he was first convicted of a sexual crime in 1977 in the State of California which required him to register as a sex offender upon his release from prison in October 2011.  *Id.*; ECF No. 51 at 22.

[5] Bryant admitted during the 2014 change of plea hearing that he updated his sex offender registration in February 2012.  *See Bryant*, No. 14-CR-18 (D. Nev.), ECF No. 51 at 20.

February 26, 2015). Bryant was also sentenced to a term of lifetime supervised release which included mandated compliance with SORNA requirements. (*Id.*)

Bryant was released from federal custody in August 2015, but he failed to report to the probation office in the District of Nevada, and a violation of supervised release warrant was issued. (Utah Compl. at 4, ¶¶ 15-17.) On or about August 28, 2015, Bryant was located in Utah and arrested for failing to register as a sex offender in Utah and for the outstanding warrant in Nevada. (*Id.* ¶¶ 21-22.) He was indicted for violating SORNA on September 23, 2015 in the District of Utah, and he pled guilty at a change of plea hearing on November 5, 2015. *See United States v. Bryant*, Crim. No. 15-555 (D. Utah) (ECF Nos. 6, 14-15.) On January 28, 2016, Bryant was sentenced to thirty-seven months of incarceration and recommitted to the custody of the USBOP. (*Id.*, Judgment, ECF No. 28, filed February 3, 2016). He again was sentenced to a term of lifetime supervised release and mandated compliance with SORNA requirements. (*Id.*)

Bryant was released from federal custody, and his term of lifetime supervision in the District of Utah commenced on May 31, 2019. (*Id.*, ECF Nos. 32 & 35, Violation of Supervised Release Petition ("VOSR Petition"), filed October 7, 2019, amended October 9, 2019). In early October 2019, the U.S. Probation Office in the District of Utah filed a VOSR Petition alleging that Bryant had violated the conditions of his release by: (1) leaving the jurisdiction without prior permission; (2) failing to follow the direct instructions of the U.S. Probation Officer; (3) failing to attend and participate in sex-offender treatment; and (4) committing another crime while on supervised release. (*Id.*, ECF No. 35.) The initial appearance on these violations was scheduled for November 5, 2019, but Bryant failed to appear, and a bench warrant was issued. (*Id.*, ECF No. 40.)

After remaining a fugitive for approximately a year, Bryant was located in the Eastern District of Pennsylvania where he was arrested on the outstanding bench warrant. *See United*

4

*States v. Bryant*, Mag. No. 20-1849 (E.D. Pa.).  The Court ultimately ordered that Bryant's violation of supervised release matter be transferred to this District from the District of Utah. *See United States v. Bryant*, Crim. No. 21-193 (E.D. Pa.), (ECF No. 2 (May 28, 2021 Order)).

On December 8, 2021, the Honorable Mitchell S. Goldberg presided over Bryant's VOSP hearing.  (*Id.*, ECF No. 22.)  By Order dated December 10, 2021, Chief Judge Goldberg found that Bryant had violated his conditions of supervised release, and his supervised release was revoked.  (*Id.*, ECF No. 23.)  Bryant was committed to the custody of USBOP for a 24-month term of imprisonment, followed by lifetime supervision with all other previously imposed conditions of supervised release to remain in effect.  (*Id.*)

On or about September 30, 2022, Bryant was released from federal custody, and his term of lifetime supervision recommenced.  (*Id.*, (ECF No. 32 (Request for Modification, filed July 24, 2023).)  While being interviewed by Senior U.S. Probation Officer David Merth on July 12, 2023, Bryant reported that he had changed his residence without notifying Merth.  (*Id.*, ECF No. 32 at 1.)  Bryant also failed to update his residence with the Pennsylvania's Sex Offender Registry within three business days, and Merth found this failure to be in violation of Pennsylvania Megan's Law and SORNA.  (*Id.*, ECF No. 32 at 2.)  Merth petitioned the Court for modification, and on July 24, 2023, Bryant's conditions of supervision were modified by Chief Judge Goldberg as follows:  (1) Bryant was placed in a Residential Reentry Center for a period of 120 days; (2) he was subject to computer monitoring; and (3) he was required to participate in a sex offender program for evaluation and treatment, including possible risk assessment, psychological testing, and physiological testing.  (*Id.*; ECF No. 32 at 2-3.)  Bryant agreed to these proposed modifications on July 14, 2023.  (*Id.*; ECF No. 32 at 2, 6.)

### B.     Bryant's Complaint

In his Complaint, Bryant asserts that he was illegally arrested "on December 26, 2013, by U.S. Marshalls [sic] in Reno, Nevada . . . for absconding the State of California while on a 3-year parole." (Compl. at 6.) He alleges that he was returned to California, and "the case was dismissed because the Federal Attorney General had placed a federal detainer on [him] in the State of Nevada for failure to register as a sex offender while in the State of Nevada when no order was given by the original trial Court of San Francisco to do so." (*Id.*) Bryant asserts that he was "illegally placed under the Megan-Walsh law" and "given lifetime probation under Megan-Walsh laws which has no application to [his] 1977 or 1981 cases" because "no [sex offender] registration was ever ordered by the Court" in California. (*Id.* at 6, 8.)

Bryant further alleges that the Nevada District Court changed his three-year parole period "into a lifetime probation providing a higher rate that ordered at the time of the original offense and order of sentence in 82." (*Id.* at 8.) He asserts that the "Megan-Walsh statutes substantially alter the consequences attached to crimes already completed," and he contends that the sentence of lifetime probation has resulted in additional years of servitude that was not in existence when he committed his crimes in California, thereby violating his constitutional rights. (*Id.* at 6, 9.)

Bryant also asserts that Merth has, "without any clinical assessment, placed [him] in a sex offender program without and [sic] evidence of crimes or violation of sort." (*Id.* at 8.) He asserts that his California state convictions were "35 – 30 years prior to the creation of Megan or Walsh laws" and the Defendants named herein as well as "the District Court of Reno Nevada, District Court of Salt Lake City Utah and the District Court of Eastern District of Pennsylvania . . . fail to consider or recognize that [his] case in [sic] way outside Megan or Walsh dictates or holdings and continue [sic] to violate [his] constitutional Ex Post Facto rights." (*Id.*)

As relief, Bryant seeks a "declaration that the acts and omissions" described in the Complaint violated his "rights under the Constitution and law of the United States." (*Id.* at 10.) He also seeks an injunction ordering Defendants Crawford, Merth, and Garland to remove him from all sex offender reporting requirements "by complete closure of the case and expungement from all state and Federal Court records permanent [sic] and removal off the Internet Website of Sex Offenders." (*Id.*) He requests that all registrations and records from all courts, police, and prisons be completely expunged, including the records of his 1976 and 1982 criminal cases in California and his federal criminal cases in Nevada, Utah, and Pennsylvania. (*Id.*) Finally, Bryant seeks "[i]mmediate release from prison, probation, programs, [and] constraints." [6] (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Bryant leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se]

---

[6] Bryant also seeks declaratory relief. However, declaratory relief is unavailable simply to declare that one's rights have been violated in the past, which is essentially what Bryant requests. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (per curiam) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). Accordingly, Bryant's requests for declaratory relief are improper and will be dismissed.

7

complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Bryant is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

Bryant seeks removal from all sex offender reporting requirements as well as the expungement of "all registrations and records" pertaining to his California state convictions and his federal convictions and/or criminal cases in Nevada, Utah, and Pennsylvania.  (Compl. at 10.)  Bryant also seeks "[i]mmediate release from prison, probation, programs, [and] constraints."  (*Id.*)  These claims are best construed as a collateral attack on Bryant's SORNA convictions and his sentence of lifetime supervised release imposed by the United States District Court for the District of Nevada and maintained by the United States District Court for the District of Utah and this Court.  However, Bryant's challenge to his conviction and resulting sentence is not cognizable in a civil rights action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when a "prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

In fact, as Bryant has been previously advised, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences" that are allegedly in violation of the Constitution.  *Bryant v. United States*, No. 22-2370, 2022 WL 17984467, at *2 (3d Cir. Dec. 29, 2022) (quoting *Okereke v. United States*, 307

F.3d 117, 120 (3d Cir. 2002)).  In other words, a § 2255 motion is the proper way to assert a constitutional or other challenge to a federal conviction, rather than a *Bivens* action.  *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("Okoro adhered steadfastly to his position that there were no drugs, that he was framed; in so arguing he was making a collateral attack on his conviction, and *Heck* holds that he may not do that in a civil suit, other than a suit under the habeas corpus statute or its federal-defendant equivalent, 28 U.S.C. § 2255."); *Beverly v. Reno*, 23 F.3d 158, 159 (7th Cir. 1994) (stating that a federal prisoner cannot circumvent § 2255 "by bringing an independent civil action"); *see generally Ziglar v. Abbasi*, 137 S. Ct. 1843, 1863 (2017) ("[W]hen alternative methods of relief are available, a *Bivens* remedy usually is not.").

On June 9, 2021, Bryant filed a petition for a writ of habeas corpus in this District pursuant to 28 U.S.C. § 2241.  *See Bryant*, 2022 WL 17984467, at *1.  In his Petition, as here, Bryant alleged that he was unlawfully detained because he was never legally required to register as a sex offender in California, and, as a result, his underlying SORNA conviction in this District, as well as his SORNA conviction in Nevada, were unlawful.  *Id.*  The Court denied his § 2241 petition, concluding that because Bryant was challenging the validity of his sentence rather than its execution, he should have filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  *Id.*  The United States Court of Appeals for the Third Circuit affirmed the dismissal and further noted that, to the extent Bryant sought to attack his underlying convictions in a motion to vacate, he needed to comply with the prerequisites of § 2255, including that such claims be brought in the court that imposed the sentence being challenged.  *Id.* at *2 (citing 28 U.S.C. § 2255(a)).

Moreover, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff "must prove that the conviction or sentence has been

9

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). The United States Court of Appeals for the Third Circuit has interpreted *Heck* to mean that "a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005). "Although *Heck* involved a § 1983 action by a state prisoner, the reasoning in *Heck* has been applied to bar *Bivens* claims" brought against federal actors. *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008).

The crux of Bryant's allegations is that he was unconstitutionally convicted of violating SORNA and, by extension, he has been unconstitutionally subjected to lifetime supervised release and SORNA reporting requirements.[7] Success on these claims would necessarily imply the invalidity of his lifetime supervised release sentences, which have never been reversed,

---

[7] The requirement that Bryant register as a sex offender was part of his sentence of lifetime supervised release. *See United States v. Bryant*, Crim. No. 14-18 (D. Nev.) (ECF No. 42, filed February 26, 2015). Courts have held that supervised release is part of a defendant's sentence, and challenges to a sentence fall within the ambit of *habeas corpus* relief. *See Pearson v. Holder*, No. 09-682, 2011 WL 13185719, at *5 (N.D. Tex. Apr. 29, 2011), *aff'd*, 470 F. App'x 305 (5th Cir. 2012); *see also Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) (stating a defendant on supervised release is "in custody" pursuant to his sentence for purposes of seeking habeas relief); *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996) (finding supervised release to be part of the defendant's original sentence and quoting 18 U.S.C. § 3583).

vacated, or otherwise invalidated. *See Johnson v. Davis*, No. 98-4380, 1999 WL 58643, at *2 (E.D. Pa. Jan. 28, 1999) ("To award damages to Johnson based on a ruling that the Megan's Law was illegally applied to him would necessarily imply that his underlying assault conviction, which formed the basis for applying Megan's Law to him, was invalid."). As the summation of Bryant's criminal history makes clear, his convictions and sentences remain intact and have not been invalidated. Accordingly, his claims will be dismissed without prejudice because they are barred by *Heck*. Bryant may reassert his claims by filing a § 2255 motion in his criminal cases, or a new civil case **only** in the event his convictions or sentences are first invalidated, whether on appeal or otherwise.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Bryant leave to proceed *in forma pauperis* and dismiss this matter in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The matter is dismissed as barred by *Heck* without prejudice to Bryant reasserting his claims in a motion pursuant to 28 U.S.C. § 2255, or in a new civil action in the event his conviction is ever reversed, vacated, or otherwise invalidated.

An appropriate Order follows.

**BY THE COURT:**

/S/ KAI N. SCOTT
**KAI SCOTT, J.**
